IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY J. POWELL**<br>    **Plaintiff,**<br><br>    **v.**<br><br>**JO ANNE B. BARNHART,**<br>**Commissioner of Social Security,**<br>    **Defendant.** | **CIVIL ACTION NO. 06-36** |

**M E M O R A N D U M   &   O R D E R**

**Katz, S.J.**                                                                                         **June 30, 2006**

**I. FACTS**

Plaintiff Jeffery Powell filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging a disability onset date of October 15, 2003 due to neck and back impairments. On April 16, 2005, the ALJ determined that Plaintiff did not meet the requirements for DIB or SSI.

**A. Medical History**

Plaintiff, who is 39 years old, fell down six or seven steps and sprained his neck in August 2003. Transcript at 138. His medical history revealed a prior fracture of the cervical spine and surgical fusion in 1998. Plaintiff was diagnosed with neck strain and told to avoid heavy lifting. Transcript At 138.

On October 15, 2003, Plaintiff re-injured his neck after being hit by a fence post which he and a co-worker were carrying. X-rays showed mild left foraminal

encroachment at C-5-C7, but no acute pathology. Transcript at 146.  Plaintiff was diagnosed with neck strain and given Percocet and a soft neck collar.  On follow-up examination, Plaintiff had limited range of motion, but good arm and leg strength with normal sensation. Transcript at 150.  Plaintiff was told to take over-the-counter medication for the pain. Transcript at 151.

On November 30, 2003, Plaintiff again reported falling down a flight of stairs. Transcript at 156.  Dr. Lido Medina, the treating physician, believed that Plaintiff's repeated falls were due to "secondary gain" and that he was not that badly injured. Transcript at 158.  Plaintiff was again diagnosed with mild neck strain and released with Percocet and a soft neck collar.

In November 2003 Plaintiff sought treatment for worsening neck and back pain. Transcript at 164-165.  He was diagnosed with an exacerbation of chronic neck and back pain.

In December 2003, Plaintiff underwent a neurological examination by Dr. Marta Jiminez. Plaintiff's muscle tone and strength were slightly diminished, but reflexes, gait and sensation were all normal. Transcript at 169.   Plaintiff failed to show for scheduled examinations on January 28, 2004, February 16, 2004 and March 11, 2004.

On October 5, 2004, Plaintiff began pain management therapy with Dr.

Jessica Jerrard of the Lower Bucks Hospital. Dr. Jerrard noted reduced cervical flexion, but normal reflexes and motor strength. Transcript at 191-192. Dr. Jerrard prescribed MS Contin and Percocet for pain. Transcript At 192. On October 30, 2004, Plaintiff reported to Dr. Jerrard that the MS Contin and the Percocet took the edge off his pain and that his sleep had improved . Transcript at 194. Dr. Jerrard observed improved cervical flexion/extension with reduced levels of pain. Transcript at 195. She increased Plaintiff's dosage of MS Contin for increasing discomfort at night. Transcript at 195. Dr. Jerrard again increased the dosage of his pain medication in November.

On January 18, 2005, Plaintiff again reported back pain after falling. Transcript at 207. He had a mild to moderate amount of myofascial spasm, but an unrestricted lumbar range of motion. X-rays showed degenerative disc disease of the cervical and lumbar spine. Transcript at 209. An EMG and nerve conduction study showed chronic C6-7 and possible C-8 and multi-level C-4, C-5, C-6 radiculopathy. Transcript at 212.

**B. ALJ's Decision**

The ALJ found that the claimant has degenerative disc disease, cervical spine with status post cervical spine surgery in 1998 and degenerative disc disease, lumbar spine, which are severe impairments that do not meet or equal the

3

criteria of any of the impairments listed in Appendix 1 of the Regulations. Plaintiff, however, retained the residual functional capacity to perform his past relevant work within the light range of physical exertion. Specifically, the ALJ noted that the credible evidence supports claimants complaints of pain in his upper left extremity, but not his complaints of pain in his lower extremities. Transcript at 19. Additionally, there are a significant number of jobs in the national economy to which Plaintiff could make a vocational adjustment.

Now before the court are parties' cross motions for summary judgment.

## II. DISCUSSION

In reviewing an administrative decision denying benefits in a social security matter, this court must uphold any factual determination made by the ALJ supported by "substantial evidence." 42 U.S.C. § 405(g). While substantial evidence is "more than a mere scintilla," it is not "a large or significant amount of evidence." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citations and quotations omitted); Richardson v. Perales, 402 U.S. 389, 401 (1971)(citation omitted). Rather, it is such relevant evidence that would be sufficient to support a reasonable conclusion. Pierce, 487 U.S. at 565. Moreover, the court may not weigh the evidence or substitute its own conclusions for that of the ALJ. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

The Social Security Administration has promulgated a five-step sequential evaluation process for an ALJ to determine whether or not a claimant qualifies as disabled under the Social Security Act.  According to this process, an ALJ must consider (1) current work activity; (2) the severity of the impairments; (3) whether the impairments meet or are functionally equivalent to the listed impairments; (4) residual functional capacity; and (5) the ability to perform work available in the national economy.  20 C.F.R. § 416.920.

In this case, Plaintiff argues that the ALJ erred in Step Four of the analysis by failing to give sufficient weight to his subjective complaints of pain and disability, which he argues were supported by the medical evidence.  The court disagrees.

### A.     Residual Functional Capacity as Affected by Pain

The ALJ gave proper consideration to Plaintiff's subjective complaints of pain.  Although the ALJ must give Plaintiff's subjective complaints of pain serious consideration, Burns v. Barnhart,312 F.3d 113, 129 (3d Cir. 2002), the ALJ may reject a claimant's complaints if he does not find them credible. Schaudeck v. Commissioner of Social Sec. Admin.,181 F.3d 429, 433 (3d Cir. 1999).

Here, the ALJ conducted a thorough analysis of Plaintiff's Residual Functional Capacity, ultimately finding that Plaintiff's subjective complaints

regarding the extent of his pain and disability lacked credibility. The ALJ addressed the Plaintiff's treatment history, the treatment notes of record, Plaintiff's work history, and Plaintiff's activities in evaluating Plaintiff's subjective complaints of pain and disability. Transcript at 15-20.

The ALJ did a comprehensive review of the Plaintiff's medical records and treatment history and found that the evidence did not fully support Plaintiff's subjective claims. Notably, the record contains no medical opinions to support Plaintiff's allegations that he was unable to perform even light work. The only limitations placed on Plaintiff by a medical care professional in the record were prohibitions on heavy lifting and strenuous exercise. Transcript at 138. Moreover, Plaintiff underwent no treatment for his allegedly disabling back pain between January 2003 and September 2004. In fact, the ALJ noted that Plaintiff failed to show up for scheduled doctor's appointments in January, February and March 2004. Transcript at 173-175. In short, substantial evidence supports the ALJ's conclusion that the medical evidence does not support an impairment to the degree claimed by the Plaintiff.

Additionally, a statement made by Dr. Medina, an emergency room physician, suggests that Plaintiff's subjective complaints were not fully reliable. Dr. Medina stated that he did not believe Plaintiff's assertions that he repeatedly

fell due to being tangled his dog's leash or that he "was badly injured." Transcript at 158.

The ALJ also considered Plaintiff's work history in assessing credibility of Plaintiff's subjective complaints of pain. The ALJ noted that the claimant functioned well as sandwich maker/cashier during the period of his alleged disability, so well in fact that, that he was promoted, to a position with greater physical demands. Transcript at 16. The ALJ also considered Plaintiff's spotty work history before the alleged date of disability, which Plaintiff conceded was not the work history of a full-time worker. Transcript at 16, 32; see also Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir.1979) (holding a claimant's work ethic is a valid consideration for an ALJ in assessing credibility).

Therefore, the ALJ fully considered Plaintiff's subjective complaints of pain in conjunction with the other evidence in the case and made a determination that such claims were not fully credible. The ALJ acknowledges that claimant suffers from neck and back ailments that cause him pain and partially restrict his capacity for work. The ALJ, however, does not credit Plaintiff's contention that his medical conditions have rendered him completely disabled. This determination is supported by substantial evidence.

## B.     Residual Functional Capacity as Affected by Side Effects of Medication

The ALJ properly dismissed Plaintiff's complaints about drowsiness due to his medication. An ALJ must explicitly address any side effects that Plaintiff claims to suffer due to medication. See Stewart v. Secretary of Health, Educ. and Welfare of United States, 714 F.2d 287, 290 (3d Cir.1983) (remanding due to ALJ's failure to provide any explanation for his implicit rejection of Stewart's testimony regarding the side effects). In this case, the ALJ explicitly addressed the issue, finding that "nothing in the record supports [Plaintiff's] testimony regarding the need to take prolonged naps during the day." Transcript at 12.

Drowsiness, moreover, "should not be viewed as disabling unless the record references serious functional limitations." Burns v. Barnhart, 312 F.3d 113, 129 -131 (3d Cir. 2002). Here, the ALJ correctly determined there is no evidence of functional limitation in the record. To the contrary, Plaintiff reported no side effects from his medications in November 2003 while he was taking Percocet and Neurontin for pain. Transcript at 102. Additionally, Dr. Kho reported that Plaintiff did not suffer from any side effects from Paxil. Transcript at 200. Significantly, Plaintiff cites no medical evidence from the record to support his claim that he suffered from drowsiness. Therefore, the ALJ's decision to discount Plaintiff's assertions of drowsiness is based on substantial evidence.

**C. Conclusion**

For these reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion denied. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY J. POWELL**<br>    Plaintiff,<br><br>           v.<br><br>**JO ANNE B. BARNHART,**<br>**Commissioner of Social Security,**<br>    **Defendant.** | **CIVIL ACTION NO. 06-36** |

## O R D E R

**AND NOW**, this 30th day of June, 2006, upon consideration of the parties' cross motions for summary judgment, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED,** and Defendant's Motion is **GRANTED**.

                             **BY THE COURT:**

                             /s/ Marvin Katz
                             _____
                             **MARVIN KATZ, S.J.**